**U.S. Department of Justice**

***Leah B. Foley***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 16, 2026

Michael Hunter, Esq
Flannery Georgalis LLC
175 S. Third Street, Suite 285
Columbus, OH 43215

Re: United States v. Adam Burley
Criminal No. 26-mj-01371-DLC 26cr10294

Dear Attorney Hunter:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Adam Burley ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1. Change of Plea

As soon as practicable, but no later than November 20, 2026, Defendant will waive Indictment and plead guilty to Count One of the Information: Advertisement of Child Pornography, in violation of 18 U.S.C. § 2251(d)(1)(A) and (e). Defendant admits that Defendant committed the crime specified in this count and is in fact guilty.

2. Penalties

Defendant faces the following mandatory minimum and maximum penalties: incarceration for up to 30 years with a mandatory minimum term of 15 years; supervised release for up to life with a mandatory minimum of 5 years; a fine of $250,000; a mandatory special assessment of $100; and additional special assessment of $5,000, pursuant to 18 U.S.C. § 3014 (the "JVTA assessment"), unless the Court finds the Defendant is indigent; an additional special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A (the "AVAA assessment"), unless the Court finds that the Defendant is unable to pay; restitution; and forfeiture to the extent charged in the Information.

3. Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 34 :

a) Defendant's base offense level is 22 (USSG §2G2.2(a)(2));

b) Defendant's offense level is increased by 2, because the material involved a prepubescent minor or a minor who had not attained the age of 12 years old (USSG §2G2.2(b)(2));

c) Defendant's offense level is increased by 2, because the Defendant engaged in distribution for non-pecuniary consideration (USSG § 2G2.2(b)(3)(F));

d) Defendant's offense level is increased by 4, because the offense involved the sexual abuse or exploitation of infants or toddlers (USSG § 2G2.2(b)(4)(B));

e) Defendant's offense level is increased by 2, because the offense involved the use of a computer or an interactive computer service (USSG §2G2.2(b)(6));

f) Defendant's offense level is increased by 5, because the offense involved 600 or more images (USSG §2G2.2(b)(7)(D)); and

g) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court

and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

The parties agree on the following sentence:

a) incarceration for 180 months;

b) a fine within Guidelines range as calculated by the parties in Paragraph 4, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay the fine;

c) 60 months of supervised release;

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) a special assessment of $5,000 pursuant 18 U.S.C. § 3014 (the "JVTA assessment"), unless the Court finds that Defendant is indigent;

f) a special assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A (the "AVAA assessment"), unless the Court finds that Defendant is indigent ;

g) restitution in an amount to be determined by the Court at sentencing; and

h) forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a) A Samsung SSD 850 Pro with cord 2TB and bearing serial number S2kMNWAG906558Z, seized on or about August 12, 2026, from a residence located in Columbus, Ohio.

Defendant admits that such assets are subject to forfeiture on the grounds that they (i) contain a visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) are property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; or (iii) are property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure

11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to the items listed below that were seized by, or turned over to, Homeland Security Investigations on or about August 12, 2026:

a) Black Verizon 4G Galaxy S6 Cell Phone;
b) Verizon Cell Phone in Teal Green Case:
c) White Google Cellphone;
d) Amazon Fire Tablet with Cover;
e) Gray HP Envy x360 Laptop;
f) 1JCOYY2 Gray Dell XPS Laptop;
g) C1MJD9SBDTY3 Silver Apple Laptop;
h) C02FNMTBDH2G Silver Apple Laptop;
i) C1MKXWTJDTY4 Silver Apple Laptop with cord;
j) ML-DVKB8 Black Lenovo Thinkpad Laptop with cord;

k) XE118378P Black Toshiba C50 Laptop with cord;
l) C7N0AS469691304 Black ASUS Windows Laptop with cord;
m) CF826S2 Black Dell Latitude 5490 Laptop;
n) 86RSF54 Silver Dell Latitude 5550 Laptop;
o) Light Blue Apple iPad;
p) Black Amazon Fire Tablet;
q) Black Digital Key;
r) CNF9469JJX Black HP Pavillion dv6 Laptop;
s) MXL3293NJ6 HP Elite Mini 600 G9 Desktop PC;
t) Dell PowerEdge Tower/Server;
u) Raspberry Pi single-board computer with cord;
v) 703217-B21 HP Server with cord;
w) Red Micro Center USB;
x) Green Micro Center USB 8GB;
y) San Disk Black USB 3.0;
z) Black ASUS Chromebit USB;
aa) Black PNY 4GB USB;
bb) Silver Unbranded USB;
cc) Blue "Paradigm" USB;
dd) Blue "Lonestar College System" USB;
ee) Micro Center USBs (3) Black, (4GB), Silver (1GB) and Red;
ff) Silver "UBUNTU" USB;
gg) White "Aler Stallings LLC Law Firm" USB;
hh) Black USB-C 512 GB;
ii) Black Samsung Micro SD Card 16 GB with Adapter;
jj) SanDisk SD Card (2) 4GB and 2GB;
kk) S2KMNWAG906559F Samsung SSD 850 Pro;
ll) S2RANXAH182331W Samsung SSD 850 EVO 500GB with cord;
mm) S2KMNWAG907710B Samsung SSD 850 Pro 2TB;
nn) S21HNSAG802871A Samsung SSD 850 EVO 500GB;
oo) Z1Z4G39S Silver Dell Constellation 4 TB Hard Drive;
pp) Z1Z62A53 Silver Dell Constellation 4 TB Hard Drive;
qq) Z1Z4G36K Silver Dell Constellation 4 TB Hard Drive;
rr) Z1Z71TGD Silver Dell Constellation 4 TB Hard Drive;
ss) WXNX08SH9711 Western Digital External Drive;
tt) WX61A13T1411 Silver Western Digital Internal Drive 500GB;
uu) H2T320854S Silver Hitachi Travelstar HDD;
vv) 47849468417389 Black Sabrent SSD; and
ww) FVFGLHDFQ6L7 Silver MacBook Air Laptop.

8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Luke A. Goldworm.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: ______________________________
ANNE PARUTI
Chief, Major Crimes Unit
MARK GRADY
Deputy Chief, Major Crimes Unit

______________________________
LUKE A. GOLDWORM
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the mandatory minimum and maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense(s). I believe this Agreement is in my best interest.

Adam Burley
Defendant

Date: October 26, 2026

I certify that Adam Burley has read this Agreement and that we have discussed what it means. I believe Adam Burley understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Michael Hunter, Esq.
Attorney for Defendant

Date: 10/27/26